IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE EARL GRACE, #272726, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:24-CV-723-WKW |
| ) | [WO] |
| JERMAINE SMITH and MORRIS ) | |
| ROGERS, ) | |
| ) | |
| Defendants. ) | |

# **ORDER**

Plaintiff Willie Earl Grace filed this *pro se* 42 U.S.C. § 1983 action challenging the conditions of his confinement at the Bullock County Correctional Facility. In an Order entered on April 7, 2025, Plaintiff was directed to file a response to Defendants' arguments and defenses no later than April 25, 2025. (Doc. # 15.) The Order cautioned Plaintiff as follows: "If Plaintiff fails to file a response, the Court will treat that failure as an abandonment of the Complaint and a failure to prosecute this action, and this case will be dismissed." (Doc. # 15 at 2.) This Order was sent to Plaintiff at his address on record and was not returned to the court as undeliverable.

Eight weeks have passed since the April 7 Order, and Plaintiff has not complied with the Order's directives or submitted any filings in this case. As warned, because Plaintiff did not file a response as ordered, this action will be

dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute and to comply with court orders is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. Dismissal as a sanction, however, "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, Plaintiff has not responded to the court's April 7 Order, despite an express warning that a failure to comply by the April 25 deadline would result in dismissal of this action. Based on the duration of non-compliance and notice given to Plaintiff, the court finds a clear record of delay and that no lesser sanction than dismissal without prejudice would be effective. *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 3rd day of June, 2025.

/s/ W. Keith Watkins<br>
UNITED STATES DISTRICT JUDGE